Signed: May 01, 2009

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NORTHGATE CENTER, INC.,<br><br>        Debtor.<br>_____/ | No. 89-41018 TK<br>Chapter 7 |
| JOHN KENDALL, TRUSTEE,<br><br>        Plaintiff,<br><br>  vs.<br><br>THE STATE OF CALIFORNIA, OFFICE OF CONTROLLER, BUREAU OF UNCLAIMED PROPERTY, et al.<br><br>        Defendants.<br>_____/<br>AND RELATED COUNTERCLAIMS<br>AND CROSS-CLAIMS.<br>_____/ | A.P. No. 06-4232 AT |

**MEMORANDUM OF DECISION**

    The motion filed by the above-captioned debtor (the "Debtor") to set aside the default and default judgment with respect to various defendants and to restore the proceeding to the active calendar was presented to the Court on April 28, 2009. The motion was opposed by

the plaintiff, the chapter 7 trustee in the above-captioned case (the "Trustee"). Appearances were stated on the record. At the conclusion of the hearing, the Court took the motion under submission. For the reasons stated below, the Court now concludes that the motion should be denied.

**SUMMARY OF FACTS AND PROCEDURAL HISTORY**

On March 10, 1989, the debtor Northgate Center, Inc. (The "Debtor") filed a voluntary petition, seeking relief under chapter 7 of the Bankruptcy Code. In papers filed with the Court, Jack Easterday ("Easterday") was identified as the president and sole shareholder of the Debtor. The chapter 7 trustee assigned to the case at that time concluded that there were no assets to administer, a final decree was issued, and the case was closed on May 12, 1989.

In or about early 2006, the Office of the United States Trustee (the "UST") apparently learned that the State of California, Office of the Controller, Bureau of Unclaimed Property (the "Controller's Office"), was holding a $96,000 refund (the "Refund") due to the Debtor from the State Compensation Insurance Fund (the "Insurance Fund") with respect to the pre-bankruptcy period. Since the Refund had not been listed in the Debtor's schedules, the Refund appeared to be property of the Debtor's bankruptcy estate.

On February 28, 2006, on the application of the UST, the case was reopened, and John Kendall (the "Trustee") was appointed as chapter 7 trustee. On October 30, 2006, the law office of Stromsheim & Associates was appointed counsel for the Trustee.

2

On October 23, 2006, the Trustee filed a complaint against the Controller's Office, seeking turnover of the Refund. The Controller's Office resisted turning over the Refund to the Trustee, presumably because a conflicting claim to the Refund was being made by the Debtor. On January 1, 2007, the Trustee filed a first amended complaint, adding the Debtor as a defendant.

In early February 2007, both the Controller's Office and the Debtor filed answers to the First Amended Complaint. Kim Dincel ("Dincel") and Chip Cox ("Cox"), at Long & Levit LLP ("Long & Levit"), were listed on the Debtor's answer as attorneys of record for the Debtor. A series of status conferences were conducted over the next five months, all of which were attended by an attorney for the Debtor, primarily Cox.[1] At the status conference on July 26, 2007, the proceeding was scheduled for trial assignment. A scheduling order was issued the next day.

On September 21, 2007, the Trustee filed a motion for summary judgment. Oppositions were filed by the Controller's Office and the Debtor. In its opposition, the Debtor contended that the Refund was abandoned when the estate was closed in 1989. The Debtor contended that it could not have scheduled the Refund as an asset because it did not know of its existence at that time. It also contended that it adequately scheduled the Refund as an asset by scheduling a liability to the Insurance Fund. Finally, the Debtor asserted that

---

[1] With one exception, all of these continuances were announced in open court and no order or notice issued. In one instance, the date announced had to be changed, and notice of the change was filed and served.

3

a portion of the Refund belonged to other corporations owned by Easterday ("Easterday's Other Corporations").

The motion for summary judgment was heard on January 17, 2009. Cox appeared at the hearing on behalf of the Debtor. At the hearing, the Court vacated the trial assignment date. The Court concluded that the Debtor had no right to the Refund and should be removed from the proceeding. It denied the Trustee's motion for summary judgment without prejudice on the ground that Easterday and Easterday's Other Corporations needed to be joined as defendants. A status conference was set for September 4, 2008 at 11:00 a.m. Cox failed to appear at the status conference, having mistakenly calendared the hearing for 2:00 p.m.

In the mean time, the Controller's Office sought to be dismissed from the proceeding as a mere stakeholder. On April 21, 2008, it filed a cross-complaint for interpleader (the "Interpleader Cross-Complaint").[2] The Trustee filed an answer to the Interpleader Cross-Complaint and a cross-claim against the Insurance Fund and the Debtor (the "Trustee's Answer and Cross-Claim"). The proof of service of the Trustee's Answer and Cross-Claim evidences mailing of a copy of this document to Cox at Long & Levit. The Debtor failed to file an answer to the Cross-Claim. Cox claims that he did not receive a copy of the Trustee's Answer and Cross-Claim.

The September 4, 2008 status conference was continued to November 6, 2008 to give the Trustee time to file and serve a second

---

[2]The funds were ultimately deposited with the Court.

4

amended complaint. The second amended complaint, filed on September 11, 2008, named as defendants the Insurance Fund, Easterday, Shoreline South Nursing Home, Inc./Shoreline South Intermediate Care, Inc., Acqua 6 Inc., Fontana Development Corporation, and Inland Pacific Health Care, Inc. The Debtor was not named as a defendant. An alias summons directed to Easterday and Easterday's Other Corporations was served on September 29, 2008. The proof of service of the second amended complaint and summons evidences that copies of these documents were mailed to Cox at Long & Levit. Cox claims that he did not receive them.

A timely answer to the second amended complaint was filed by the Insurance Fund on October 22, 2008. No answers were filed by any of the new defendants.

A continued status conference was conducted on November 6, 2008. No one attended the status conference on behalf of the Debtor, Easterday, or Easterday's Other Corporations. At the Trustee's request, the Court took the defaults of Easterday and Easterday's Other Corporations. The Court set the proceeding for trial assignment on March 6, 2009. The Scheduling Order, which was issued by the Court, was served on counsel for the Trustee and Insurance Fund. In the Court's view, these were the only parties still active in the proceeding.

On February 20, 2009, the Trustee filed an application for approval of a settlement agreement with the Insurance Fund with respect to the Refund. Notice of the application was served on all creditors of the estate, including Cox at Long & Levit, Easterday,

5

and Easterday's Other Corporations. On March 3, 2009, the Court vacated the trial assignment date and issued an order conditionally dismissing the proceeding in sixty days.[3] The order was served on Cox at Long & Levit, as well as Easterday and Easterday's Other Corporations. No request to set aside the dismissal order was filed by the Debtor.

On March 4, 2009, the Trustee filed an ex parte motion seeking a default judgment against Easterday and Easterday's Other Corporations. The motion was granted by order filed on March 11, 2009. On the same day, the Debtor, represented by Dincel, now listing affiliation with a law firm other than Long & Levit, filed an opposition to the proposed settlement. The Trustee scheduled a hearing on the opposition for April 4, 2009.

On March 25, 2009, Dincel filed a motion to set aside the default judgment and noticed it for hearing on April 28, 2009. In response, the Trustee continued the hearing on the Debtor's opposition to the proposed settlement. That hearing is currently scheduled for May 7, 2009. The Court anticipates that the ruling on this motion will obviate the need for that hearing.

**DISCUSSION**

**A.　SUMMARY OF ARGUMENTS**

The Debtor asserts that the proceeding should be restored to the active calendar. First, it argues that the Debtor is still a

---

[3]This type of order is routinely issued by the Court in adversary proceedings as a monitoring device pending completion of either a settlement agreement or a request for default judgment.

defendant to the proceeding and claims an interest in the Refund. Therefore, the proceeding may not be concluded until its claim is adjudicated. Second, it contends that the defaults entered against Easterday's Other Corporations should be set aside because their failure to answer the second amended complaint was inadvertent and based on excusable neglect and because they have a valid claim to a portion of the Refund.[4]

The Trustee contends that the Debtor's neglect was not excusable and that the estate has incurred substantial fees prosecuting the case in reliance on the Debtor's abandonment of its claim to the Refund. Moreover, the Trustee contends that the Debtor has failed to establish a meritorious defense. With respect to Easterday's Other Corporations, the Trustee contends that, even if their neglect to answer the second amended complaint is excusable, they cannot establish a meritorious defense. They are not in good standing as California corporations and therefore are not qualified to file an answer to the complaint.

**B. APPLICABLE LAW**

Rule 55(c) of the Federal Rules of Civil Procedure provides that a default judgment may be set aside for good cause or pursuant to Rule 60(b). The factors to be considered in determining good faith are (1) whether the default was willful, (2) whether the plaintiff will be prejudiced, and (3) whether the defaulting party acted

---

[4] It does not appear that Easterday asserts any personal right to the Refund and the motion does not appear to seek an order setting aside his default.

7

promptly. Rule 60(b) provides that, for a period of one year, relief may be granted from a final judgment for a variety of reasons, including mistake, inadvertence, newly discovered evidence, or fraud. TGI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). These rules are made applicable to bankruptcy proceedings by Rules 7055 and 9014 of the Federal Rules of Bankruptcy Procedure, respectively, with a few alterations which are not relevant here.

Rule 21 of the Federal Rules of Civil Procedure provides that, on motion or on its own, a court may at any time, on just terms, add or drop a party. This rule is made applicable to bankruptcy proceedings by Rule 7021 of the Federal Rules of Bankruptcy Procedure.

**C. DECISION**

**1. Easterday's Other Corporations**

As recited above, on or about September 29, 2008, the Trustee served the second amended complaint and summons on Easterday's Other Corporations by mail. The proof of service states that copies were also mailed to Cox at Long & Levit. Cox denies having received these copies.[5] No answers were filed to the second amended complaint by Easterday's Other Corporations.

As recited above, the Trustee filed an ex parte motion for default judgments against Easterday's Other Corporations on March 4,

---

[5] At some point, Cox left Long & Levit and affiliated with a new firm, a different firm than the one joined by Dincel after leaving Long & Levit. Cox does not disclose when this occurred. Neither Cox nor Dincel filed a change of address with the Court.

8

2009, and the default judgments were granted on March 11, 2009. The Debtor filed a motion to set aside the default judgments against Easterday's Other Corporations on March 25, 2009. While considerable time elapsed from the time the second amended complaint was served and the time the motion to set aside was filed, little time elapsed between the time the default judgments were requested and granted and the time the motion to set aside was filed. If the time involved were the only factor to be considered, the Court would grant the motion to set aside the defaults on the condition that the Trustee's costs occasioned by the delay be paid.

The Trustee has provided evidence that none of Easterday's Other Corporations are in good standing with the California Secretary of State. No evidence was provided to the contrary nor was it asserted at the hearing that they were in good standing. Under California law, a corporation that is not in good standing may neither prosecute a lawsuit nor defend one. See Grell v. Laci Le Beau Corp., 87 Cal. Rptr. 2d 358, 361 (Cal. Ct. App. 1999). Federal law looks to state law in this respect. See Fed. R. Civ. Proc. 17(b)(2), made applicable here by Fed. R. Bankr. Proc. 7017. Because Easterday's Other Corporations lack the capacity to file answers to the second amended complaint, granting the motion to set aside the default judgment would be futile, and the motion will be denied.

**2. The Debtor**

As recited above, at the January 17, 2008 status conference, the Court directed the Trustee to add Easterday and Easterday's Other Corporations as defendants and to drop the Debtor as a defendant.

9

For some reason, the Trustee failed to submit an order dismissing the Debtor from the proceeding and simply filed the second amended complaint. However, the Trustee may submit such an order now. No default judgment was entered against the Debtor. Therefore, the motion to set aside the default judgment is not relevant to the Debtor.

At the time the Court ordered the Debtor to be dropped as a party defendant, it was distracted by the emergence of Easterday's Other Corporations as claimants to the Refund. The Court ordered the Debtor dismissed on the ground that only the Trustee could assert a claim to the Refund. The Court did not address the argument made by the Debtor in its opposition to the motion for summary judgment, that the Refund was not property of the bankruptcy estate.

If an asset is scheduled by a debtor in a bankruptcy case, the asset is abandoned to the debtor if not administered by the trustee. However, if the asset is not scheduled, it remains property of the bankruptcy estate even after the case is closed. 11 U.S.C. § 554(c),(d). The Debtor concedes that the Refund was not listed in his schedules. However, the Debtor argues that there was no way that it could list the Refund since the Refund's existence was not known to the Debtor when its bankruptcy case was filed. Alternatively, the Debtor argues that the asset was adequately listed by listing the $163,000 liability to the Insurance Fund.

Both arguments fail. The rule established by 11 U.S.C. § 554(d) is not designed to punish a dishonest debtor. Therefore, good faith or impossibility is not a defense. The rule is designed to give a

10

trustee the opportunity to administer an asset not known to the trustee before the case was closed. The argument that the Debtor adequately listed the Refund by listing the $163,000 liability is too lacking in persuasive force to require discussion.

The Debtor also argues that it would be inequitable for it to be deprived of any share of the Refund after having expended thousands of dollars pursuing it prior to the reopening of the bankruptcy case. However, the Debtor appears to have expended these funds in an attempt to obtain the Refund for its own benefit to the prejudice of the bankruptcy estate. Once the Debtor learned of the existence of the Refund, the Debtor should have made a motion to reopen the bankruptcy case and alerted the Trustee to its existence. Had it done so, its expenses in pursuing the Refund could have been authorized and therefore reimbursed.

## CONCLUSION

The Debtor's motion will be denied. The failure of Easterday's Other Corporations to respond to the second amended complaint may have been due to excusable neglect. They may have a meritorious claim to a portion of the Refund. However, because they are not in good standing with the California Secretary of State, they may not respond to the second amended complaint, and it would be futile to set aside their defaults judgments.

The Court previously ordered the Debtor to be dropped as a defendant from the proceeding. The Court reiterates this ruling for the reasons stated above. The dismissal should be with prejudice.

Counsel for the Trustee is directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

COURT SERVICE LIST

Reidun Stromsheim
Stromsheim & Associates
201 California St., Ste. 350
San Francisco, CA 94111

Virginia O'Ryan Hoyt
State Compensation Insurance Fund
1275 Market St.
San Francisco, CA 94103

Kim O. Dincel
Hines Smith Carder Leasure Dincel
25 Metro Drive, Ste. 600
San Jose, CA 95110